# MANDATE

05 cr 1069(GEL)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/05/2010
```

08-5935-cr
United States v. Orozco Mendez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT:    REENA RAGGI,
            RICHARD C. WESLEY,
            PETER W. HALL,
                    *Circuit Judges.*



---

UNITED STATES OF AMERICA,

                     *Appellee,*

v.                                                                  No. 08-5935-cr
                                                                    NAC

DIEGO FERNANDO OROZCO MENDEZ, a/k/a El Doctor,
                     *Defendant-Appellant.*

---

For Appellant:    KEVIN M. SCHAD, Schad & Schad, Lebanon, Ohio.

For Appellee:     PREET BHARARA, United States Attorney, Virginia Chavez Romano and Katherine Polk Failla, Assistant United States Attorneys, Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lynch, *J.*), following the defendant's guilty plea. **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

**MANDATE ISSUED ON 05/05/2010**

Defendant-appellant Diego Fernando Orozco Mendez appeals from a judgment of the United States District Court for the Southern District of New York (Lynch, *J.*), following his guilty plea. The district court sentenced Orozco principally to a 108-month term of imprisonment. We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal.

Orozco challenges his sentence only, and he raises three contentions: (1) that he should have received a minor role reduction pursuant to U.S.S.G. § 3B1.2(b); (2) that the district court did not understand its authority to disagree with the Sentencing Guidelines for policy reasons; and (3) that the 108-month term of imprisonment imposed by the district court was substantively unreasonable. We find each of these contentions unpersuasive.

## I.  Minor Role Reduction

"It is the defendant's burden to establish by a preponderance of the evidence that his level of culpability entitles him to a minor role reduction." *United States v. Garcia*, 920 F.2d 153, 156 (2d Cir. 1990) (per curiam). A minor role reduction "'will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' ... as compared to the average participant in such a crime.'" *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001) (quoting *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999) (per curiam)). Where, as here, our review of the district court's application of the Guidelines calls upon us primarily to evaluate the district court's decision not to apply a role adjustment given "case-specific detailed factual circumstances," *United States v. Vasquez*, 389 F.3d 65, 74-75 (2d Cir. 2004), we will review the district court's decision for clear error, *see United States v. Gotti*, 459 F.3d 296, 349-50 (2d Cir. 2006).

We find no clear error in the district court's decision not to apply a minor role reduction. The district court enumerated the reasons for not granting the reduction: (1) Orozco was an investor in two different heroin importation transactions, and, even assuming that he was a very small investor, his role as an investor as opposed to a mere salaried employee "count[ed] strongly" against a minor role reduction, *Sent'g Tr.* at 6; (2) although Orozco claimed to be a mere messenger, he used his privileges as a criminal defense attorney in his native Colombia to "make him[self] a special kind of messenger," *id.*; and (3) Orozco accepted an interest in narcotics shipments as payment for legal services, "a significantly corrupt act on the part of an attorney," *id.* at 16. The district court did not clearly err in declining to find, on these facts, that Orozco's conduct was minor "as compared to the average participant in such a crime." *Carpenter*, 252 F.3d at 235. Orozco's arguments for a minor role in his brief simply quarrel with the district court's factual determinations and provide no basis to question those determinations.

## II.  Procedural Reasonableness

"[A] district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of

2

offenders or offenses." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (citing *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007)). There is no merit to Orozco's claim that the district court did not understand its authority to vary from the Sentencing Guidelines for policy reasons. Orozco bases this claim on a statement by the court that he takes out of context:

> The narcotics laws of this country are harsh. They are more harsh than I would probably adopt as a matter of policy with respect to narcotics ... Despite whatever policy disagreement I might have with the level of penalties that we provide for these offenses, I, nevertheless, believe in most cases that the guideline recommendations should be followed.

*Sent'g Tr.* at 18. But Orozco ignores the next sentence in the district court's explanation: "That is because the factors that the law requires me to follow typically point in favor of the guideline recommendation." *Id.* Understood in context, the district court was explaining that while it might question the Guidelines, it nevertheless found that its consideration of the 18 U.S.C. § 3553(a) factors – including the Guidelines themselves, *see* § 3553(a)(2)(A)(4) – led it in most cases to find the appropriate sentence to be one that was within the Guidelines. We have held that a single statement by a sentencing judge that, "standing alone, might be interpreted as a misapprehension that a Guidelines sentence should presumptively be imposed ... [can]not overcome the clear indication in the record that the Court was well aware of its authority to impose a non-Guidelines sentence." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006). We find no procedural unreasonableness.

### III. Substantive Reasonableness

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard, and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 121-22 (2d Cir. 2009); *Cavera*, 550 F.3d at 189. In "conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190 (citing *Rita v. United States*, 551 U.S. 334, 354 (2007)). The district court's factual findings are reviewed for clear error. *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005).

We conclude that Orozco's sentence is substantively reasonable. We reject his contention that "although the court considered it a negative factor, [his] status as an attorney was in reality a mitigating factor." *Appellant's Br.* at 15. When a lawyer uses his status and privileges as a lawyer to facilitate a crime, it "compound[s] the gravity of h[is] crime." *United States v. Stewart*, 590 F.3d 93, 150 (2d Cir. 2009). Moreover, under the totality of the circumstances, we think it was reasonable for the district court to weigh one aggravating factor (Orozco's abuse of his role as a lawyer) against a different, mitigating factor (the harsh conditions Orozco experienced in a Colombian jail while fighting extradition), and to conclude that these factors offset one another,

resulting in neither a below-Guidelines sentence nor a sentence higher than the bottom of the Guidelines range.  We decline to say that the district court should have considered Orozco's status as an alien to be a mitigating factor, as he raises this point for the first time on appeal.  We reject Orozco's claim that his allegedly limited role in the conspiracy should have resulted in a lower sentence for the same reasons that we have already rejected his claim that he was entitled to a formal role reduction.

Finally, Orozco argues that his sentence was substantively unreasonable when compared to co-defendants who received sentences of 63 months or less for roles he contends were greater, such as brokering drug deals, transporting the heroin, or facilitating importation via employment as a security guard at a Colombian airport.  "While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.'"  *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (quoting *Fernandez*, 443 F.3d at 32).  The district court gave considerable attention at sentencing to § 3553(a)(6), "the need to avoid unwarranted sentencing disparities," and concluded on the facts of this case that Orozco's role as a professional, compared to the "[brute] labor" provided by "people who in many cases had few alternatives, [who] didn't have a profession [or ] an education," meant that there was no violation of the disparity principle. *Sent'g Tr.* at 22-23.  However an individual judge might have weighed these respective roles, we cannot call the district court's view, or its resulting sentence, substantively unreasonable.

We have reviewed Orozco's remaining arguments and find them to be without merit.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit